**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**David DAILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 2002.
Filed June 11, 2003.

Paul E. Toohey, Mount Pleasant, for appellant.

Heidi J. DeBernardo, Asst. Dist. Atty., Greensburg, for Com., appellee.

BEFORE: LALLY–GREEN, TODD, and TAMILIA, JJ.

OPINION BY TODD, J.:

¶ 1 David Dailey appeals the aggregate judgment of sentence of 6 to 12 years incarceration imposed following his conviction at a jury trial of two counts of aggravated assault[1] and one count of assault by a prisoner.[2] For the reasons set forth below, we reject Dailey's claim that the evidence was insufficient to support his conviction, dismiss his ineffectiveness claims without prejudice pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), and affirm his conviction.

¶ 2 These convictions arose out of an assault on a corrections officer at the Westmoreland County Prison, where Dailey was incarcerated on unrelated charges. As set forth by the trial court in its opinion, the relevant facts are as follows:

On February 9, 2000, the Westmoreland County Prison was conducting a "shakedown" of the Disciplinary Housing Unit. The "shakedown" was an intensive search of each prisoner's cell for contraband. When correctional officers came to Defendant's cell, Defendant refused to cooperate with the search. Victim then entered Defendant's cell; and while talking with Defendant, Victim discovered an envelope containing a pack of matches.[1] At this point Defendant suddenly struck Victim at least twice in the face with a closed fist. The impact broke Victim's glasses and caused him to suffer a cut on his nose, swelling around his left eye, and bruising. Other correctional officers working nearby heard Victim screaming for help; those officers then entered Defendant's cell, subdued Defendant, and rendered aid to Victim.

\* \* \*

[1] Matches are not permitted in the Disciplinary Housing Unit and are treated as contraband.

(Trial Court Opinion, 12/5/01, at 2.)

¶ 3 At trial, a jury convicted Appellant of all charges. The trial court sentenced Appellant to 6 to 12 years incarceration on count one (aggravated assault—attempt to cause serious bodily injury to a corrections officer pursuant to 18 Pa.C.S.A. § 2702(a)(2)), imposed no further penalty on count two (assault by a prisoner pursuant to 18 Pa.C.S.A. § 2703(a)), and held that Appellant's conviction at count three (aggravated assault—attempt to cause bodily injury to a corrections officer pursuant to 18 Pa.C.S.A. § 2702(a)(3)) merged with count one for sentencing purposes. This timely appeal followed the denial of his post-sentence motions.[3] On appeal,

1. 18 Pa.C.S.A. § 2702(a)(2) (attempt to cause serious bodily injury to a corrections officer) and 18 Pa.C.S.A. § 2702(a)(3) (attempt to cause bodily injury to a corrections officer).

2. 18 Pa.C.S.A. § 2703(a) (assault by a prisoner).

3. Paul E. Toohey, Esquire, who also was Dailey's trial counsel, originally represented Dailey on appeal. Toohey petitioned this Court to withdraw as Dailey's counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In addition, Dailey filed a *pro se* petition for withdrawal of counsel and appointment of new counsel on the basis that he intended to argue on appeal that he received ineffective assistance of counsel from Toohey. Finding that Toohey had failed to comply with the requirements of *Anders*, this Court granted both Toohey's mo-

Appellant raises the following issues for our consideration:

1. Whether there was insufficient evidence admitted at trial with respect to whether the Defendant:

   a) Attempted to cause serious bodily injury at count 1, aggravated assault?

   b) Committed an assault with force likely to produce serious bodily injury at count [2], assault by a prisoner?

2. Whether trial counsel was ineffective for failing to offer the alleged victim's medical records into evidence at trial when the records indicated the Defendant did not act with a specific intent to cause serious bodily injury and directly contradicted testimony regarding the alleged victim's condition after the incident?

3. Whether trial counsel was ineffective in the following matters with respect to the Court's jury instructions:

   a) By not objecting when the instruction failed to properly define the elements of the offenses?

   b) By not objecting to the *crimen falsi* conviction instruction?

4. Whether trial counsel was ineffective for not objecting to testimony that the Defendant exercised his right to remain silent in response to official custodial questioning regarding the incident?

5. Whether trial counsel was ineffective for failing to object to prior bad act testimony regarding the Defendant and for failing to request a jury instruction with respect to such testimony?

6. Whether trial counsel was ineffective for not objecting to the improper cross examination of the Defendant regarding a prior specific incident of bad conduct?

7. Whether trial counsel was ineffective for failing to object to the Commonwealth's closing argument which referenced the Defendant's *crimen falsi* when no record of the conviction was admitted as evidence at trial?

8. Whether trial counsel was ineffective for failing to request discovery of the Defendant's statements when the Commonwealth used the statements to impeach the Defendant to the complete surprise of defense counsel?

(Appellant's Brief at 3.)

¶ 4 We shall address first Appellant's arguments that the evidence was insufficient to support his convictions for aggravated assault under 18 Pa.C.S.A. § 2702(a)(2), and for assault by a prisoner under 18 Pa.C.S.A. § 2703.[4] When presented with a claim that the evidence was insufficient to sustain a conviction,

> an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Furthermore, it is axiomatic that "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence

---

tion and Dailey's petition, and remanded for appointment of new counsel and the filing of either a proper *Anders* brief or an advocate's brief. New counsel has filed an advocate's brief, the Commonwealth has filed its brief, and this matter is now ripe for resolution.

4. Appellant does not challenge his conviction at count three for aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(3).

produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted).

■ ¶ 5 As to Appellant's assault conviction, Section 2702 provides that "[a] person is guilty of aggravated assault if he: ... attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) ... while in the performance of [his] duty." 18 Pa.C.S.A. § 2702(a)(2). The officers enumerated in subsection (c) include officers or employees of correctional institutions. *Id.* § 2702(c)(9). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa. C.S.A. § 2301.

¶ 6 The parties agree that Appellant did not actually cause serious bodily injury to the victim. The relevant inquiry, therefore, becomes whether Appellant acted with specific intent to cause serious bodily injury. *See Commonwealth v. Alexander*, 477 Pa. 190, 194, 383 A.2d 887, 889 (1978) ("Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury.")

¶ 7 Appellant argues that although the evidence arguably was sufficient to support his intent to inflict bodily injury, it was not sufficient to support a finding that he intended to inflict serious bodily injury.

(Appellant's Brief at 16.) Appellant further argues that the relevant inquiry is not what could have happened as a result of his actions, but what he subjectively intended to happen. (*Id.*) In support of his arguments, Appellant relies on three cases in which the Supreme Court or this Court concluded that a single blow to the victim did not evidence the requisite subjective intent to cause serious bodily injury on the part of the assailant.[5] *See Alexander, supra; Commonwealth v. Robinson*, 817 A.2d 1153 (Pa.Super.2003); and *Commonwealth v. Roche*, 783 A.2d 766 (Pa.Super.2001), *appeal denied*, 568 Pa. 736, 798 A.2d 1289 (2002).

¶ 8 In *Alexander*, our Supreme Court concluded that the evidence that the appellant struck the victim with a single punch to the head, which resulted in a broken nose, was insufficient to sustain his conviction for aggravated assault. *Alexander*, 477 Pa. at 194, 383 A.2d at 889. The Court limited its holding to the facts of that case, however, noting:

> In the instant case, the only direct evidence of appellant's intent is his testimony to the effect that he did not intend to seriously injure the victim. Thus, any evidence of his intent must be gleaned from the other circumstances surrounding the appellant's attack on the victim. In this case there simply are no such circumstances .... There is no evidence that appellant was disproportionately larger or stronger than the victim; appellant was not restrained from escalating his attack upon the victim; appellant had no weapon or other implement to aid his attack; appellant made no statements before, during or after the attack which might indicate his intent to inflict

---

5. The cases relied upon by Appellant considered sufficiency to support a conviction for aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(1). Regarding whether the actor possessed the requisite intent to do serious bodily injury to his victim, however, the analysis is the same under 18 Pa.C.S.A. § 2702(a)(2).

further injury upon the victim. Appellant delivered one punch and walked away.

*Id.*

¶ 9 In *Roche,* this Court concluded that the facts that the appellant delivered a single, closed-fisted punch to the victim's eye resulting in a serious injury nevertheless were insufficient to support his conviction for aggravated assault because "the attendant facts and circumstances do not suggest that Appellant delivered that lone blow with the specific intent of inflicting serious bodily injury upon the victim." *Roche,* 783 A.2d at 770. We further concluded that "[a]ppellant's belligerent words and the throwing of one punch are in and of themselves insufficient factors to support the conclusion that [a]ppellant had the requisite intent." *Id.*

¶ 10 Similarly, in *Robinson,* we concluded the appellant's use of a "heavy, blunt object" to strike the victim in the back in order to remove her backpack during the course of a robbery was not sufficient to support a conviction for aggravated assault in the absence of evidence that the appellant intended to inflict serious bodily injury. *Robinson,* 817 A.2d at 1159. Therein, however, we noted that the appellant, who was armed with a handgun during the assault, "had ample opportunity to inflict serious bodily injury had he actually desired to do so." *Id.* at 1161. Instead, we noted that:

> The clear intent of the robbers was to take [the victim's] backpack, not to inflict serious bodily injury. To accomplish this, the assailant found it necessary to strike [the victim] in the back.... there is no indication the blow

was delivered for any purpose other than to assist in separating the backpack from [the victim's] clutches.

*Id.*

¶ 11 It is clear, therefore, that a determination of whether an appellant acted with intent to cause serious bodily injury must be determined on a case-by-case basis. It is similarly clear, however, that, depending on the other circumstances, even a single punch may be sufficient. *See Commonwealth v. Biagini,* 540 Pa. 22, 655 A.2d 492 (1995) (affirming a conviction for aggravated assault under Section 2702(a)(3) based on the appellant's single punch to the face of the officer who was attempting to arrest him before the appellant was restrained by other officers); *Commonwealth v. Petaccio,* 764 A.2d 582 (Pa.Super.2000) (holding that evidence that appellant had punched the arresting officer in the jaw and then kicked her in the stomach was sufficient to convict appellant of aggravated assault under Section 2702(a)(3)).[6]

¶ 12 In the present case, the trial court noted in its opinion that:

> the record reveals that Defendant delivered at least two closed-fist punches to Victim's head, which punches rendered Victim "dazed" and helpless. When the other corrections officers came to Victim's aid, they observed Defendant moving toward Victim in an aggressive manner, his fists positioned in a boxer's stance, and ready to deliver another punch. Defendant had to be restrained and forcibly subdued by the corrections officers. For all these reasons, the Court believes that ... there was sufficient evidence presented at trial to show

**6.** *See also Commonwealth v. Marti,* 779 A.2d 1177 (Pa.Super.2001) (reversing pre-trial dismissal of aggravated assault charge; evidence that defendant delivered a single closed-fisted punch to the jaw of arresting officer was sufficient to establish *prima facie* case that

defendant intended to inflict serious bodily injury); *Commonwealth v. Hill,* 761 A.2d 1188 (Pa.Super.2000) (addressing sentencing issues in case where appellant was convicted of aggravated assault for punching corrections officer several times in the face).

that Defendant had attempted to inflict serious bodily injury on Victim. (Trial Court Opinion, 12/5/01, at 4–5.)

¶ 13 In contrast to *Alexander, supra,* therefore, Appellant herein delivered at least two closed-fisted blows and was forcibly restrained while positioned to continue the attack. That other officers came to the victim's aid before Appellant could continue does not preclude a finding that Appellant acted with intent to inflict serious bodily injury. *See also Commonwealth v. Gruff,* 822 A.2d 773 (Pa.Super.2003) (the fact that the appellant did not pursue victim who escaped after the appellant held a bayonet to victim's throat does not preclude a jury finding that the appellant had intent to cause serious bodily injury). We conclude, therefore, that the trial court correctly determined that the evidence was sufficient to sustain Appellant's conviction for aggravated assault under 18 Pa.C.S.A. 2702(a)(2).

¶ 14 Appellant similarly challenges the sufficiency of the evidence to support his conviction of assault by a prisoner under 18 Pa.C.S.A. § 2703. This Section provides in relevant part:

(a) Offense defined.—A person who is confined in or committed to any ... county detention facility ... located in this Commonwealth is guilty of a felony of the second degree if he, while so confined ... intentionally or knowingly, commits an assault upon another ... by any means or force likely to produce serious bodily injury.

18 Pa.C.S.A. § 2703. Appellant argues specifically that there was insufficient evidence to show that he acted with the requisite "force likely to produce serious bodily injury." (Appellant's Brief at 21.) The trial court noted that:

The evidence also shows that Defendant used force that was likely to produce serious bodily injury. Victim testified that Defendant delivered the punches with enough force to daze him, and the record shows that punches weakened Victim to such a degree that a correctional officer "had to almost physically carry [Victim] out of [Defendant's] cell." The punches were directed at Victim's head and struck him near his eye, one of the most vulnerable areas of the body; and Victim was wearing eyeglasses at the time. Victim sustained injuries from the assault that included swelling around his left eye and bruising, which were attended to at the Westmoreland Hospital emergency room.

(Trial Court Opinion, 12/5/01, at 5 (citation omitted).) Accordingly, the trial court concluded that the evidence was sufficient to support Appellant's conviction under Section 2703. We agree with the trial court and are not persuaded by any of Appellant's arguments to the contrary.

¶ 15 We conclude, therefore, that the trial court properly found that the evidence was sufficient to sustain Appellant's convictions for aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(2) and for assault by a prisoner pursuant to 18 Pa. C.S.A. § 2703. Accordingly, we affirm his convictions under these sections.

¶ 16 On Appellant's remaining issues, he argues that he received ineffective assistance of trial counsel at numerous points. While this matter was pending on appeal, however, our Supreme Court decided *Grant, supra,* and therein clarified the proper treatment of allegations of ineffective assistance of trial counsel on direct appeal. In *Grant,* the Court recognized the inherent problems in requiring an appellant to raise an ineffectiveness claim at the first opportunity after obtaining new counsel. Specifically, the Court noted that such a requirement often precludes the trial court from reviewing claims related to trial counsel's error, when in fact the trial court is in the best position to review such claims, and forces the appellate court to

review the claims based on a record that is not sufficiently developed. *Grant*, 572 Pa. at ——, 813 A.2d at 736–37. Although it did not announce a complete prohibition on consideration of ineffectiveness claims on direct review, the Court held that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at ——, 813 A.2d at 738. The Court further stated that the rule will be applied to "cases on direct appeal where the issue of ineffectiveness was properly raised and preserved." *Id.* Because Dailey raised his ineffectiveness claims at his first opportunity to do so, we find that he properly has raised and preserved these claims and that *Grant*, therefore, applies to the present case.

¶ 17 Appellant was represented by trial counsel for the filing of his post-sentence motions, his statement of matters complained of on appeal, and his initial brief to this Court. Prior counsel did not raise his own ineffectiveness before the trial court and the trial court, therefore, did not have an opportunity to address these claims on the merits. Thus, the Supreme Court's concern that appellate courts not be required to decide ineffectiveness claims on an incomplete record clearly is implicated here. Accordingly, pursuant to *Grant*, we dismiss Appellant's ineffectiveness claims without prejudice to raise them on collateral review.

¶ 18 Having found no merit in Appellant's challenge to the sufficiency of the evidence and having dismissed his remaining claims without prejudice to pursue them on collateral review, we, therefore, affirm his judgment of sentence.

¶ 19 Judgment of sentence **AFFIRMED.**