## Commonwealth v. Milano

*Brian Sinnett,* for Commonwealth.
*Karl Rominger,* for defendant.

GEORGE, *J.,* April 20, 2007—On June 2, 2006, the defendant, Peter Milano, was convicted by a jury of three counts of delivery of cocaine. The convictions stem from three separate incidents occurring on July 28, 2005, August 3, 2005, and August 25, 2005. At the time of sentencing on September 18, 2006, the Commonwealth sought application of the mandatory sentencing provisions of 18 Pa.C.S. §7508 (relating to drug trafficking sentencing and penalties).[1] The court determined that a three-year mandatory sentence was applicable to the first conviction and five-year mandatory sentences were applicable to the second and third convictions. Nevertheless, after reviewing the pre-sentence investigation and conducting a sentencing hearing, the court rejected the Commonwealth's request to run each of the mandatory sentences consecutive but rather imposed an aggregate sentence of no less than 10 nor more than 20 years in a state correctional institution.[2]

Milano filed timely post-sentence motions which were denied by the court. Thereafter, he has filed a timely ap-

---

1. Trial testimony indicated that the July 28, 2005 transaction involved 28 grams of cocaine; the August 3, 2005 transaction involved 13.8 grams of cocaine; and the August 25, 2005 transaction involved 13.9 grams of cocaine.

2. The court sentenced Milano on Count I to serve no less than three years nor more than six years and a concurrent sentence of no less than five years nor more than 10 years on Count II. On Count III, Milano was sentenced to a consecutive sentence of no less than five years nor more than 10 years.

peal to the Pennsylvania Superior Court.[3] In his appeal, Milano raises the following issues:

"(1) The mandatory sentencing scheme under 18 Pa.C.S. §7508 is illegal and unconstitutional;

"(2) The plain language of 18 Pa.C.S. §7508 requires that the mandatory sentences for each of the convictions is three years rather than five years;

"(3) The trial court erred in refusing Milano's request for a jury instruction on accomplice testimony concerning the testimony of the confidential informant who testified at trial; and

"(4) Evidence at trial is insufficient to support the convictions."

For the following reasons, it is suggested that Milano has failed to raise an issue justifying appellate relief and, therefore, affirmance of the sentence is requested.

The first issue raised by Milano has been specifically considered, and rejected, by the Superior Court in *Commonwealth v. Arriaga,* 422 Pa. Super. 52, 618 A.2d 1011 (1993), and *Commonwealth v. Logan,* 404 Pa. Super. 100, 590 A.2d 300 (1991). In each of those cases, the Superior Court recognized that the mandatory sentencing

---

3. Milano's trial counsel sought to withdraw as counsel following this court's denial of the post-sentence motions. While that request was pending before the court, Milano timely filed a pro se appeal to the Pennsylvania Superior Court. Counsel's request to withdraw was denied pending the perfection of an appeal to Superior Court. Trial counsel has subsequently timely appealed to the Superior Court. Additionally, trial counsel has filed a concise statement of matters complained of on appeal. Subsequent to the filing of said statement, trial counsel was granted leave to withdraw and new counsel was appointed to represent Milano by order of court dated March 7, 2007.

provisions of section 7508 violate neither the separation of powers doctrine nor any of the other constitutional clauses.

Similarly, Milano's second issue is easily resolved by a review of controlling precedent. In *Commonwealth v. Vasquez*, 562 Pa. 120, 123, 753 A.2d 807, 809 (2000), the Supreme Court held that "[i]t is irrelevant that the prior conviction arises from one count within a multiple count complaint, or that the offenses are from a single arrest and charge . . . as long as *at the time of sentencing,* a defendant 'has been convicted' of another qualifying 'offense,' the defendant shall receive the enhanced sentence." (emphasis in original) At sentencing, I applied the controlling authority of the *Vasquez* court. Thus, Milano's second issue is meritless as it has consistently been rejected by our appellate courts. See also, *Commonwealth v. Bell,* 901 A.2d 1033 (Pa. Super. 2006).

Milano's third issue challenges this court's charge to the jury. Specifically, Milano claims that the court erred in not granting his request for a jury instruction on accomplice testimony in regard to the testimony of the confidential informant. In this regard, he claims that the confidential informant, as purchaser of the controlled substances, acted as an accomplice to Milano.

It is the rule in Pennsylvania that the testimony of an accomplice of a defendant given at the latter's trial comes from a corrupt source and is to be carefully scrutinized by the jury and accepted with caution. *Commonwealth v. Tervalon,* 463 Pa. 581, 345 A.2d 671 (1975). The corrupt source charge is required in cases in which the evidence is sufficient to present a jury question with respect to whether the Commonwealth's witness is an accom-

plice. *Commonwealth v. Williams,* 557 Pa. 207, 234, 732 A.2d 1167, 1181 (1999). A person may be considered an accomplice where the evidence would establish that he knowingly and voluntarily cooperated with or aids another in the commission of a crime with the intent to assist the principal. *Id.*

Initially, I note that the current confidential informant does not fit within the definition of an accomplice law. Statutory provisions relating to the criminal liability for the conduct of another specifically except from complicity one who terminates criminal involvement prior to the commission of the offense and wholly deprives the complicity of its effectiveness. 18 Pa.C.S. §306(f)(3)(i). Similarly, one who gives timely warning to law enforcement of the anticipated criminal act is exempted from the criminal liability which otherwise attaches to an accomplice. See 18 Pa.C.S. §306(f)(3)(ii). Instantly, the confidential informant fully cooperated with the police throughout the criminal episode. His actions not only gave timely warning to police of an impending crime, but to a large extent were conducted under the supervision of law enforcement. The confidential informant's cooperation with police unquestionably deprived Milano's criminal conduct of its effectiveness. Since the confidential informant, under the circumstances of this case, is not an accomplice, Milano was not entitled to an accomplice jury instruction at trial.

Nevertheless, the Milano jury was cautioned to carefully view the testimony of the confidential informant. While this court's instruction did not refer to the witness as an accomplice, the cautionary instruction otherwise mirrored the proposed standard jury instructions relating

to accomplice testimony. Such instructions have previously been found to be adequate in the context of accomplice testimony. *Commonwealth v. Fodero,* 273 Pa. Super. 278, 417 A.2d 648 (1979). Moreover, a review of the jury charge as a whole reveals that the charge was sufficient. *Butler v. Kiwi S.A.,* 412 Pa. Super. 591, 604 A.2d 270 (1992).

The final challenge raised by Milano concerns the sufficiency of the evidence. When considering a challenge to the sufficiency of the evidence, it is necessary to determine whether the evidence submitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt. *Commonwealth v. Dailey,* 828 A.2d 356, 358 (Pa. Super. 2003). The Commonwealth may sustain its burden of proving every element of the offense beyond a reasonable doubt with evidence which is wholly circumstantial, and the trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Id.* at 358-59.

Instantly, the Commonwealth called the confidential informant to testify at trial. His testimony reflected that, on three separate occasions, he purchased cocaine directly from Milano. He credibly described the circumstances leading up to each of the separate incidents and convincingly described Milano selling cocaine to him. The confidential informant's testimony was corroborated by surveillance conducted by the Pennsylvania State Police. Specifically, at least two undercover troopers observed Milano and the confidential informant

meeting at the time of the drug transactions. Since the confidential informant had consensually agreed to wear an audio receiver, conversations between Milano and the confidential informant concerning the purchase of controlled substances were audio recorded. Video of the transactions linked the voice on the audio to Milano.[4] A laboratory report by the Pennsylvania State Police Forensic Laboratory confirmed that the substance Milano represented to be cocaine, and subsequently transferred to the confidential informant, was in fact cocaine, a Schedule II controlled substance. The evidence at trial was not only sufficient to support the verdict but, in the opinion of this judge, was overwhelming. Accordingly, it is requested that Milano's request for relief on the basis of insufficiency of evidence be denied.

---

4. During trial, the Commonwealth introduced an audio/video recording of one of the alleged transactions. Although the recording was not of the quality normally produced by Hollywood, it was sufficient to reveal consistent qualities between the person recorded and Milano. The video equipment was apparently located in a small box in the rear seat of the confidential informant's vehicle. The trooper who operated the equipment testified that the type of equipment used to record the transaction had never been used by him before. Accordingly, he was not completely familiar with camera angles.