J-S44032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH M. VANGOETHEM | |
| Appellant | No. 208 WDA 2014 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004160-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 29, 2014**

Joseph M. Vangoethem appeals from the judgment of sentence entered October 11, 2013, in the Westmoreland County Court of Common Pleas.  Vangoethem was sentenced to an aggregate term of four to eight years' imprisonment after the trial court, sitting without a jury, found him guilty of aggravated assault and escape.[1]  On appeal, Vangoethem challenges the sufficiency and weight of the evidence supporting his conviction of aggravated assault, as well as the ineffectiveness of trial counsel.  For the reasons set forth below, we affirm.

The trial court summarized the facts underlying Vangoethem's arrest as follows:

---

[1] 18 Pa.C.S. §§ 2702(a)(1) and 5121(a), respectively.

The instant case arises from an assault which occurred at Carney's Corner Tavern in Delmont, Pennsylvania. At approximately 4:40 p.m., the victim, James Weinstein, was attacked by Mr. Vangoethem. A video was presented at trial which captured the assault itself. [Vangoethem] followed the victim around a pool table and punched the victim in the head. He then pushed the victim onto a table, then onto the ground. While on the ground, [Vangoethem] struck the victim with a chair. Mr. Vangoethem proceeded to kick the victim in the head three times. At no point was the victim ever depicted as being the first aggressor. At the time of the assault, the victim was 52 years old and [Vangoethem] was 31 years old.

Trial Court Opinion, 1/3/2014, at unnumbered pp. 1-2.[2] Vangoethem was handcuffed, and placed in the back of a patrol car while the police investigated the incident. However, sometime later he fled the scene, and was captured about a quarter of a mile away.

Vangoethem was subsequently charged with aggravated assault and escape. His case proceeded to a non-jury trial on July 16, 2013, at the conclusion of which the trial court returned a verdict of guilty on both charges. Vangoethem was sentenced on October 11, 2013, to a term of four

_____

[2] At trial, Vangoethem testified that the victim was upset he lost a bet to Vangoethem, and threatened to hit Vangoethem with a pool stick. N.T., 7/16/2013, at 177. He also stated that he was fearful the victim had a gun because the victim told him several times earlier "how good of a marksman he was." *Id.* at 179. Vangoethem admitted that he punched and kicked the victim, but stated that he did so because he was trying to leave the tavern. *Id.* at 180. He claimed the victim "kept getting up" and Vangoethem "didn't want [the victim] coming out behind [him]." *Id.* He also acknowledged that he threw a chair, although he "didn't mean to hit [the victim]" with it, and that he kicked the victim while the victim was lying on the ground, "[j]ust to keep him down so that [Vangoethem] could leave without him following [Vangoethem] out." *Id.* at 182.

- 2 -

to eight years' imprisonment for aggravated assault and a concurrent term of one to two years' imprisonment for escape. New counsel was appointed, and was granted an extension of time to file post-sentence motions. On November 11, 2013, Vangoethem filed timely post-sentence motions challenging the weight and sufficiency of the evidence of supporting his conviction of aggravated assault, as well as the ineffectiveness of trial counsel. After conducting an evidentiary hearing, the trial court, on January 3, 2014, entered an order denying Vangoethem's post-trial motions. This timely appeal followed.[3]

Vangoethem raises the following four issues on appeal:

1.      Whether the evidence was sufficient to support his conviction of aggravated assault?

2.      Whether the trial court abused its discretion in denying his post-sentence motion challenging the weight of the evidence supporting his conviction of aggravated assault?

3.      Whether trial counsel was ineffective for failing to call Tonya Pefetta as an exculpatory witness at trial?

4.      Whether trial counsel was ineffective for failing to introduce the videotaped recording of Vangoethem's police interview?

---

[3] The trial court did not direct Vangoethem to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*See* Vangoethem's Brief at 7-8.

The first issue Vangoethem raises on appeal challenges the sufficiency of the evidence supporting his conviction of aggravated assault. Specifically, Vangoethem argues that his actions "constituted justifiable self-defense in response to the use of unlawful force by the victim" and that "the totality of the evidence, both direct and circumstantial … failed to prove [he] acted with the specific intent to cause serious bodily injury to the victim." Vangoethem's Brief at 12-13.

Our review of a challenge to the sufficiency of the evidence is well-settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and "any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."

***Commonwealth v. Mollett***, 5 A.3d 291, 313 (Pa. Super. 2010) (internal citations omitted), *appeal denied*, 14 A.3d 826 (Pa. 2011).

To secure a conviction of aggravated assault, the Commonwealth must prove, beyond a reasonable doubt, that the defendant "attempt[ed] to cause serious bodily injury to another, or cause[ed] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). Where, as here, the victim did not suffer serious bodily injury,[4] "[t]he relevant inquiry, therefore, becomes whether [the defendant] acted with **specific intent** to cause serious bodily injury." **Commonwealth v. Dailey**, 828 A.2d 356, 359 (Pa. Super. 2003) (emphasis supplied). "Such intent may be proven circumstantially" and "[t]he conduct giving rise to an inference that the accused intended to cause serious bodily injury need not itself be life threatening." **Commonwealth v. Rodriquez**, 673 A.2d 962, 966 (1996) (citations omitted), *appeal denied*, 692 A.2d 565 (Pa. 1997). **See also Commonwealth v. Fortune**, 68 A.3d 980, 984 (Pa. Super. 2013) ("An intent ordinarily must be proven through circumstantial evidence and

_____

[4] The Crimes Code defines "serious bodily injury" as follows:

> Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S. § 2301. The Commonwealth concedes that the victim did not suffer serious bodily injury as defined above. **See** Commonwealth's Brief at 15.

inferred from acts, conduct or attendant circumstances.") (citation omitted), *appeal denied*, 78 A.3d 1089 (Pa. 2013).

Here, the trial court found that the evidence was sufficient to prove Vangoethem had the specific intent to cause serious bodily injury to the victim. The court opined:

> [Vangoethem] was twenty years younger than the victim.[5] Further, he needed to be restrained by the bartender; however, he proceeded to kick the victim in the head as he lay on the ground. Then, he picked up a chair and struck the victim as he lay defenseless on the ground.

Trial Court Opinion, 1/3/2014, at unnumbered p. 2.

The record supports the trial court's findings. Although Vangoethem claimed he was fearful of the victim, he acknowledged that he punched the victim as the victim was walking away from him, and then he kicked the victim several times while the victim was lying hurt on the floor. *See* N.T., 7/16/2013, at 180-181, 194. When asked by the prosecutor if he intended to hurt the victim when he punched him twice from behind, Vangoethem answered, "I don't know what I was thinking." *Id.* at 194.

_____

[5] Vangoethem testified at trial that he is "6 foot 1" and weighed 185 pounds at the time of the assault. N.T., 7/16/2013, at 181. He also testified that the victim was about an inch taller than him, and outweighed him. *Id.* The trial court was well aware of any disparity in size or build of the defendant and victim at the time of the incident since surveillance video of the assault was played at trial. *Id.* at 81-83.

The trial court, sitting as fact finder, had the opportunity to view the surveillance video of the assault, and acted within its discretion when it discredited Vangoethem's claim that he was fearful of the victim. Accordingly, we agree with the conclusion of the trial court that the evidence presented was sufficient to support Vangoethem's conviction of aggravated assault.[6]  **See Dailey**, **supra**, 828 A.2d at 360-361 (finding evidence sufficient to sustain conviction for attempting to cause serious bodily injury when defendant "delivered at least two closed-fisted blows" to victim's head, leaving victim "dazed" and had to be "forcibly restrained while positioned to continue the attack.").

Next, Vangoethem argues that his conviction was against the weight of the evidence.[7]   Again, he contends "the evidence presented at trial established that [his] actions constituted justifiable self-defense and were taken in response to the use of unlawful force against him by the alleged victim."  Vangoethem's Brief at 14.

Appellate review of a weight of the evidence claim is well-established:

---

[6] We note that although Vangoethem appears to argue that he acted in self-defense, he fails to develop that claim in his brief.  Accordingly, that claim is waived for our review.  **See Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012), appeal denied, 69 A.3d 601 (Pa. 2013) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.") (citations omitted).

[7] Vangoethem properly preserved his challenge to the weight of the evidence by raising it in a post-sentence motion.  **See** Pa.R.Crim.P. 607(A).

A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. **Commonwealth v. Widmer**, 560 Pa. 308, 318–20, 744 A.2d 745, 751–52 (2000); **Commonwealth v. Champney**, 574 Pa. 435, 443–44, 832 A.2d 403, 408–09 (2003). On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination. **Widmer**, 560 Pa. at 321–22, 744 A.2d at 753; **Champney**, 574 Pa. at 444, 832 A.2d at 408.

**Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S.Ct. 1792 (2014).

Here, Vangoethem's weight of the evidence claim is a rehash of his sufficiency challenge. He fails to explain how the verdict was against the weight of the evidence, or in what way the trial court abused its discretion in denying his weight claim. Rather, his argument consists only of his bald allegation that his actions "constituted justifiable self-defense." Vangoethem's Brief at 14. Conversely, the trial court, in its opinion, stated that it "properly weighed all the evidence submitted at trial[.]" Trial Court Opinion, 1/3/2014, at unnumbered p. 3. Vangoethem provides us with no basis upon which to disagree. Accordingly, his weight claim fails.

In his final two issues, Vangoethem challenges the ineffective assistance of trial counsel. For the reasons that follow, we dismiss these claims without prejudice to Vangoethem to raise them in a collateral proceeding.

Recently, in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra** at 576. The **Holmes** Court recognized, however, that there may be circumstances in which direct review of ineffectiveness claims should be permitted. The Court limited those circumstances to the following: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]"[8] or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express **waiver** of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA."[9]

Neither of the exceptions applies in the present case. First, Vangoethem's ineffectiveness claims are not clearly meritorious from the record. In fact, the trial court, following an evidentiary hearing, determined

---

[8] **Holmes**, **supra**, 79 A.3d at 577.

[9] **Id.** at 562 (emphasis supplied).

that the claims were **not** worthy of relief. Second, the trial court made no finding that Vangoethem demonstrated good cause for direct appeal review of his ineffectiveness claims, and, most importantly, Vangoethem did not expressly waive his right to a first PCRA petition. **See id.** at, 580 ("A court should agree to such [unitary] review only upon good cause shown **and** after a full PCRA waiver colloquy.") (emphasis supplied). Therefore, we are constrained to dismiss Vangoethem's final two issues on appeal without prejudice to him to raise these ineffectiveness claims in a timely PCRA proceeding.[10]

Accordingly, because we conclude that Vangoethem is entitled to no relief on any of the claims raised in this appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[10] We recognize that Vangoethem was appointed new counsel for appeal, and the trial court's denial of his ineffectiveness claims followed a full evidentiary hearing. Under the Supreme Court's prior decision in **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003), *cert. denied*, 540 U.S. 1115 (2004), we would be permitted to resolve the ineffectiveness claims on direct appeal. However, the **Holmes** decision, which was filed prior to the post-sentence motions in the present case, makes clear that an expansive **Bomar** exception to PCRA review of ineffectiveness claims is no longer viable. **See Commonwealth v. Arrington**, 86 A.3d 831, 856 (Pa. 2014) (noting that the **Holmes** Court "limited the **Bomar** exception to its pre-**Grant** facts.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/29/2014</u>