J-S50006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEANDRE RASHAWN TATE | : | |
| | : | |
| Appellant | : | No. 1413 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001050-2017

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED OCTOBER 7, 2019

Deandre Rashawn Tate appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County.  Upon review, we affirm.

On January 26, 2017, Tate was involved in a high-speed car chase with law enforcement officials that ended in gunfire on the grounds of the Pennsylvania Soldiers' and Sailors' Home in Erie.  N.T. Jury Trial, 6/18/18, at 55, 61-62.  At trial, law enforcement officers testified that they saw Tate aim and discharge his firearm in their direction.  Id. at 72, 101.  Two additional eyewitnesses testified that they also observed Tate aim his firearm in the officers' direction.  Id. at 141, 171.  During his testimony, Tate admitted that he discharged his firearm, but denied that he was aiming in the officers' direction.  N.T. Jury Trial, 6/20/18, at 76.  Specifically, Tate testified that he

_____

[*] Retired Senior Judge assigned to the Superior Court.

discharged his firearm into the air with the hope that the officers would shoot him, intending to commit "suicide-by-cop." Id.

On June 21, 2018, a jury convicted Tate of assault of a law enforcement officer,[1] attempted homicide of a law enforcement officer,[2] possession of a weapon,[3] firearms not to be carried without a license,[4] recklessly endangering another person ("REAP"),[5] and fleeing or attempting to elude a law enforcement officer.[6] Tate was sentenced on August 6, 2018, to an aggregate term of 25-50 years' imprisonment, including a mandatory 20-year sentence under 42 Pa.C.S.A. § 9719.1(a) (mandatory sentence for offenses committed against law enforcement officer). Tate timely filed post-sentence motions on August 16, 2018. On September 14, 2018, the trial court denied Tate's post-sentence motions, and on October 1, 2018, Tate filed his timely notice of appeal. On October 9, 2018, the trial court ordered Tate to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal; Tate timely complied on October 30, 2018.

Tate presents the following question for this Court's review:

_____

[1] 18 Pa.C.S.A. § 2702.1.

[2] 18 Pa.C.S.A. § 901.

[3] 18 Pa.C.S.A. § 907.

[4] 18 Pa.C.S.A. § 6106.

[5] 18 Pa.C.S.A. § 2705.

[6] 18 Pa.C.S.A. § 3733.

> Whether or not the trial court abused its discretion in denying [Tate's] post-sentenc[e] motion/motion in arrest of judgment and for a new trial since the verdicts of assault on a police officer (2 counts) and attempted homicide of a law enforcement officer (2 counts) were so contrary to the evidence as to shock one's sense of justice and a new trial should be granted in the interest of justice?

Appellant's Brief at 5.

At first glance, Tate has framed the issue for review solely as a challenge to the weight of the evidence; however, upon careful review of the record and appellate brief, it is clear that he is also challenging the sufficiency of the evidence. We will first address his weight of the evidence claim.

Tate argues that the verdict was against the weight of the evidence because the testimony and physical evidence presented at trial failed to establish "that the shots were actually fired at [the officers] or in their direction." Appellant's Brief, at 25. Specifically, Tate contends that Officer John Wilson and Officer Joshua Allison did not actually observe Tate discharge his firearm in their direction, but rather, they observed illuminating "muzzle flashes,"[7] which "[c]learly in a pitch-black area in the early morning hours of the a.m. [are] going to be observed from any weapon being discharged." Id. Tate also argues that the "fact that the building and/or vehicles [behind the officers] were not hit by gunfire is evidence that [Tate] was not shooting in the direction of the police and thus did not have the specific intent to cause

_____

[7] A muzzle flash is a flame, resulting from the impact of gases on the outside atmosphere, that emanates from the muzzle of a gun when a projectile is expelled from its barrel. https://www.merriam-webster.com/dictionary/muzzle%20blast (last visited 9/25/19).

bodily injury to either [o]fficer or the specific intent to kill either [o]fficer." Id. at 27.

Tate's challenge to the weight of the evidence garners him no relief. When a challenge to the weight of the evidence is predicated on the credibility of trial testimony, as is at issue here, this Court's review of the trial court's decision is extremely limited. Commonwealth v. Gibbs, 981 A.2d 274, 282 (Pa. Super. 2009). "On issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial court, who has had the opportunity to observe the proceedings and demeanor of the witnesses." Commonwealth v. Cunningham, 805 A.2d 566, 572 (Pa. Super. 2002). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013). Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" Id. (citation and quotation omitted).

The trial court opined on the credibility of the witnesses and the weight of the evidence as follows:

> At trial, there was evidence that after a high[-]speed car chase onto the grounds of the Soldiers['] and Sailors['] Home, [Tate] fired his gun several times. The officers testified they saw the flashes from [Tate's] firearm fire in their direction, and they also observed [Tate] move the firearm from one officer to

> the other. Other witnesses testified that they saw the firearm held by [Tate] pointed at and/or firing directly at the officers.
>
> [Tate] admitted that he shot the firearm but denied he was shooting at the officers. His defense was that he was not trying to harm the officers, but rather he was trying to commit "Suicide by Cop."
>
> The issue of credibility of witnesses at trial is for the jury. The [c]ourt finds that the jury was not unreasonable to conclude, based on evidence at trial, that [Tate] was intentionally shooting at the officers. Therefore, the jury's verdict was supported by the evidence, and does not shock one's sense of justice.

Trial Court Opinion, 9/14/18, at 1-2. See N.T. Jury Trial, 6/18/18, at 72, 101, 141, 171 (officers' and eyewitnesses' testimony indicating Tate aimed firearm in officers' direction).

After careful review of the certified record, we ascertain no abuse of discretion by the trial court. It is clear that the jury believed the officers' and eyewitnesses' testimony regarding whether Tate was pointing his gun at the officers, as opposed to Tate's recitation of the events. Credibility is an issue for the jury to decide, not us. See Commonwealth v. DeJesus, 860 A.2d 102, 107 (Pa. 2004) ("This Court cannot substitute its judgment for that of the [finder of fact] on issues of credibility.") (citations omitted). With regard to the lack of physical evidence (i.e., no bullets found in building or vehicle behind officers), we find such to merely be inconclusive and it does not make the evidence so unreliable as "to make any verdict based thereon pure conjecture." Gibbs, 981 A.2d at 282. Thus, we find no merit to this claim.

We turn now to Tate's claim challenging the sufficiency of the evidence. Our review is guided by the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

Commonwealth v. Davison, 177 A.3d 955, 957 (Pa. Super. 2018) (citing Commonwealth v. Talbert, 129 A.3d 536, 542-43 (Pa. Super. 2015)).

Tate challenges the sufficiency of the evidence to sustain his convictions for assault and attempted homicide of a law enforcement officer. Tate supports his claim by arguing that the Commonwealth failed to prove beyond a reasonable doubt that he possessed the requisite specific intent to inflict bodily injury and specific intent to kill. See Appellant's Brief at 20-24; Post-

Sentence Motion, 8/16/18, at ¶ 3; Pa.R.A.P. 1925(b) Statement, 10/30/18, at ¶ 6.

Assault of a law enforcement officer is defined, in pertinent part, as:

A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

18 Pa.C.S.A. § 2702.1 (emphasis added). Criminal homicide is defined as:

A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being."

18 Pa.C.S.A. § 2501(a) (emphasis added).

Turning to his conviction for assault, Tate notes that "[n]either Officer Allison nor Officer Wilson suffered any bodily injury as a result of [his] discharging a firearm, [and, therefore,] the Commonwealth had to prove beyond a reasonable doubt that [he] had specific intent to cause bodily injury[.]" Appellant's Brief, at 23.

Our courts have explained that although section 2702.1 does not define criminal attempt, section 901(a) of the Crimes Code indicates that "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). Thus, "criminal attempt under [s]ection 2702.1 requires a showing of some act, albeit not one actually causing bodily injury, accompanied by an intent to inflict bodily injury upon a law enforcement officer

by discharging a firearm." Commonwealth v. Landis, 48 A.3d 432, 446 (Pa. Super. 2012) (emphasis added). Moreover, whether a defendant's actions demonstrate an intent to cause bodily injury must be determined on a case-by-case basis, taking into account the totality of the circumstances. See Commonwealth v. Dailey, 828 A.2d 356, 360 (Pa. Super. 2003). One factor to consider when determining if a defendant acted with the intent to cause bodily injury includes whether the defendant possessed and utilized a weapon. See Commonwealth v. Alexander, 383 A.2d 887, 889 (Pa. 1978) (considering whether defendant had weapon or other implement to aid his attack in aggravated assault case).

With regard to Tate's conviction for attempted criminal homicide, we note that a conviction for attempted murder requires the Commonwealth to prove beyond a reasonable doubt that the defendant had the specific intent to kill and took a substantial step towards that goal. See Commonwealth v. Predmore, 199 A.3d 925, 939 (Pa. Super. 2018) ("[T]o prove that Appellant had the mens rea for attempted murder, the Commonwealth had to establish that [appellant] had the conscious objective, that is, the goal, of killing the victim."). Further, specific intent to kill may be established solely from circumstantial evidence. Commonwealth v. Holbrook, 629 A.2d 154 (Pa. 1993).

Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, together with all reasonable inferences therefrom, we conclude that the Commonwealth presented sufficient evidence for the jury to

find that Tate possessed both the specific intent to inflict bodily injury and the intent to kill the subject law enforcement officers. A review of the record reveals that Tate pointed his firearm at Officers Allison and Wilson, and attempted to shoot both officers by repeatedly firing in their direction. Officer Allison testified that he observed Tate pointing his firearm directly at his partner, Officer Wilson, when Tate fired his first shot. N.T. Jury Trial, 6/19/18, at 72-73. Officer Allison further testified that he then drew his service pistol and began to engage Tate, at which time Tate shifted his body, aimed his firearm at Officer Allison, and shot again. Id. at 75. Further, Dennis Peters, a night security supervisor at Soldiers' and Sailors' Home, and Clifford Vantassel, a facility maintenance manager, each testified that they observed Tate aim his firearm in the officers' direction. Id. at 141, 171.

Thus, our review of the record demonstrates that there was sufficient evidence to establish that Tate had both the intent to inflict bodily injury, as well as the intent to kill. Consequently, Tate's claim that the evidence was insufficient also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2019

- 9 -