J-S30024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :
                 v.                          :
                                           :
                                           :
DWAYNE HILL                           :
                                           :
                 Appellant           :     No. 376 MDA 2024

Appeal from the Judgment of Sentence Entered March 8, 2024
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0002033-2023

BEFORE:    PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:             **FILED: OCTOBER 16, 2024**

Dwayne Hill ("Hill") appeals *pro se* from the judgment of sentence following his convictions of two counts of aggravated assault.[1]  We affirm.

The trial court provided the following summary of the evidence:

> On June 28, 2021, the date of the underlying offenses in this matter, [Hill] was incarcerated and serving a life sentence at the State Correctional Institution (hereinafter "SCI") at Camp Hill. . .. On that date, [Hill] had an altercation with a corrections officer, Andrew Knaub [("Officer Knaub" or "C.O. Knaub")], which led to the instant charges being filed.
>
> The altercation was recorded on video, with the video recording being admitted at trial . . ..  In the video, an individual identified as [Hill] approached C.O. Knaub, and spoke with him for a few moments.  [Hill] then turned and began to walk away, before halting, turning again[,] and lunging at C.O. Knaub, sending both of them to the ground.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 2702(a)(2), (3).

Officer Knaub's testimony at trial shed further light on the incident, as he testified that on the date of the incident, [Hill] received word that Officer Knaub had issued him a misconduct citation for violating prison rules. [Hill], seeing C.O. Knaub in the prison wing's common area, stopped to express his displeasure regarding the misconduct citation. While [Hill] was yelling, cursing and being generally disruptive, Officer Knaub instructed him to calm down and "lock up," or return to his cell. After asking what would happen if he refused to comply, following which C.O. Knaub responded that [Hill] would be pepper sprayed, [Hill] did in fact refuse to comply. [Hill] then appeared to pull something out of his pocket before turning to face C.O. Knaub, which led to Officer Knaub deploying [pepper] spray against him. As a result of being pepper sprayed, [Hill] lunged at Officer Knaub and, pertinently, stabbed him in the collarbone area with a pencil. Both men ended up on the floor, until additional corrections officers arrived and helped to subdue [Hill]. Officer Knaub was then taken for medical treatment, during which the wound area was cleaned and inspected for any remaining splinters of graphite or wood; C.O. Knaub testified it took approximately two weeks for the wound to fully heal. [Hill] did not testify at trial, but attempted to develop on cross-examination, and later argued to the jury, that Officer Knaub was aware that [he] was an asthmatic, and as such, [Hill] further argued that he is categorized as an inmate that could suffer significant and potentially life-threatening health consequences if he were pepper sprayed, leaving him in fear for his life at the time that he acted against C.O. Knaub.

Trial Court Opinion, 4/12/24, at 3-5 (citations, footnotes, and quotation marks omitted).[2]

Hill elected to represent himself at trial with the assistance of standby counsel. A jury convicted him of both offenses. The court later imposed an aggregate sentence of ten to twenty years of imprisonment, concurrent to his

---

[2] Hill was not charged with the crimes until June 14, 2023.

ongoing sentence of life imprisonment. Hill timely appealed and he and the

trial court complied with Pa.R.A.P. 1925.

On appeal, Hill raises the following issues for our review:

A. Whether the trial court erred and/or abused its discretion when it denied [Hill's] motion to dismiss for prejudicial pre-arrest delay?

B. Whether the trial court erred and/or abused its discretion when it denied [Hill's] motion to dismiss for failure to establish a *prima facie* case?

C. Whether the trial court erred and/or abused its discretion in denying [Hill's] request for change of counsel?

D. Whether the trial court erred and/or abused its discretion when it denied [Hill's] motion for sanctions regarding the Commonwealth's violation of its duty to disclose?

E. Whether the trial court erred and/or abused its discretion when it denied [Hill's] discovery motion of the jury array?

F. Whether the trial court erred and/or abused its discretion where it denied [Hill's] motion for a justification instruction?

G. Whether the trial court erred and/or abused its discretion where it failed to set aside [Hill's] conviction [sic] as insufficient?

H. Is the sentence imposed illegal, unconstitutional[,] and unduly harsh [given] the charges.

Hill's Brief at 1-2 (capitalization and spelling standardized).

Hill's first issue implicates the nearly two-year delay in arresting him.

The statute of limitations is the primary guarantee against the bringing

of stale criminal charges. *See United States v. Lovasco*, 431 U.S. 783, 789

(1977); *Commonwealth v. Murphy*, 451 A.2d 514, 517 (Pa. Super. 1982).

To prevail on a due process claim based on pre-arrest delay, a defendant must

- 3 -

show actual prejudice in the conduct of his defense. If he meets his burden of proof, a due process violation will nevertheless not be found unless the delay was the product of intentional, bad faith, or reckless conduct, not simply negligence. **See Commonwealth v. Urwin**, 219 A.3d 167, 173 (Pa. Super. 2019). A defendant cannot prove actual prejudice through "speculative or conclusory claims of possible prejudice as a result of the passage of time;" he must show in what manner missing witnesses or lost documentary evidence would have aided his defense. **Commonwealth v. Scher**, 803 A.2d 1204, 1221-22 (Pa. 2002).

Hill claims he never received the warrant for his arrest, is irreparably prejudiced because he cannot recall the material facts and witnesses to the incident and was not given fair access to the video footage of the incident. **See** Hill's Brief at 4-5.

The trial court found Hill had failed to meet his burden of proof because he did not demonstrate which witnesses would have aided him or how and why he could not have obtained the names of those present through discovery or, if necessary, a continuance. **See** Trial Court Opinion, 4/12/24, at 7-10.

We perceive no error in the trial court's ruling. Hill's claim is the type of speculation that **Scher** declares inadequate, and nothing of record indicates intentional, bad faith, or reckless conduct by the Commonwealth. **See Scher**, 803 A.2d at 1221-22; **Urwin**, 219 A.3d at 173 (Pa. Super. 2019).

Hill next asserts the court abused its discretion by failing to dismiss for lack of a *prima facie* case, and that a trooper improperly represented the Commonwealth at his preliminary hearing. *See* Hill's Brief at 4-5.

The trial court found the Commonwealth met its burden of proof and that Pa.R.Crim.P. 542(b) permits an affiant to ask questions of any witness at a preliminary hearing. *See* Trial Court Opinion, 4/12/24, at 10-12.

We affirm, although on different grounds than those relied upon by the trial court.[3] Where the Commonwealth proves guilt beyond a reasonable doubt at trial, its alleged failure to establish a *prima facie* case at the preliminary hearing is immaterial. *See Commonwealth v. Troop*, 571 A.2d 1084, 1088 (Pa. Super. 1990). Additionally, all defects at a preliminary hearing are rendered moot after the defendant is tried and convicted. *See Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991). Accordingly, Hill's claim fails.[4]

Hill next asserts the trial court abused its discretion by denying his right to counsel because he was allegedly never officially arrested and standby counsel failed to raise a claim of pre-arrest delay. *See* Hill's Brief at 5.

---

[3] It is well-settled that where the result is correct, we may affirm a lower court's decision on any proper ground. *See Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022).

[4] Even were we to reach Hill's claim concerning the trooper's questioning at the preliminary hearing, we would find it meritless because Pa.R.Crim.P. 542(B) authorizes an affiant to question a witness where no attorney appears on behalf of the Commonwealth.

- 5 -

The trial court noted that although Hill made a request for new counsel at the hearing on his pre-trial motions and claimed disagreements with his court-appointed standby counsel,[5] he did not renew at trial his request for new counsel. *See* Trial Court Opinion at 12-13. The court further noted the right to counsel of one's choice is not absolute, *see Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2020), and a defendant must demonstrate substantial reasons, meaning irreconcilable differences, with counsel to compel a replacement. *See* Trial Court Opinion, 4/12/24, at 13, citing *Commonwealth v. Cook*, 952 A.2d 594, 617 (Pa. 2008); Pa.R.Crim.P. 122(C). The trial court further found Hill chose to represent himself and Hill's dissatisfaction with the limited role of his standby counsel was the result of his own election. *See* Trial Court Opinion at 14-15.

We perceive no legal error in the trial court's ruling. Hill elected to represent himself, *see* N.T., 11/17/23, at 8-9, and was accordingly responsible for trying his own case. He will not be heard after trial to assert that standby counsel should have exceeded its role and performed prohibited hybrid representation. Moreover, we have already found Hill's pre-trial delay claim to be without merit.

_____

[5] Hill had already been granted the right to represent himself.

Hill next asserts the Commonwealth suppressed discovery because the discovery sent to him was returned as contraband by the prison to the Commonwealth. *See* Hill's Brief at 6-7.

The trial court found that although prison policies prevented Hill's receipt of full discovery prior to November 17, 2023, he received those materials on that date, and stated at that time he was prepared for trial. *See* N.T., 11/17/23, at 30-31. The court further noted at the November 17, 2023, hearing Hill saw and heard the recording he claimed was withheld from him, and was expressly offered the opportunity to request a continuance but declined to do so because he believed it would constitute a waiver of his speedy trial rights. *See* Trial Court Opinion, 4/12/24, at 16-18; N.T., 11/17/23, at 30.

We perceive no error in the trial court's ruling. The prison, not the Commonwealth, prevented Hill from receiving full discovery sooner, he received the discovery prior to trial, and he declined to seek a continuance after receiving the discovery. There is, thus, no merit to his claim the Commonwealth suppressed discovery.

Hill next asserts the trial court abused its discretion by denying his challenge to the jury array and request for information about the process of jury selection in Cumberland County. He asserts the court's ruling that his request was premature contradicted the comment to Pa.R.Crim.P. 625(B)(1) and would have forced him to waive his right to a speedy trial. *See* Hill's Brief at 8.

The trial court held: 1) 42 Pa.C.S.A. § 4526 provides the exclusive means to assert the claim that an array of jurors was not selected in conformity with the rules governing the selection of jurors, *see* Trial Court Opinion, 4/12/24, at 19, citing 42 Pa.C.S.A. § 4526(c), 2) a party may seek to stay proceedings for non-compliance within ten days after the publication of the array, *see* Trial Court Opinion, 4/12/24, at 19, citing 42 Pa.C.S.A. § 4526(a), and 3) Hill challenged the jury array months *before* it was even assembled and failed to renew his objection timely, *see* Trial Court Opinion, 4/12/24, at 20. The court accordingly held Hill was due no review. *See id*. at 21.

The trial court did not commit legal error. Hill asserted his challenge before the array was assembled and then declined to raise his issue timely. His assertion that raising his challenge timely because it would force him to waive his right to a speedy trial either misapprehends the law, because asserting his statutory right would not have waived his speedy trial rights, and/or suggests an intentional and/or a strategic decision to forego a claimed right. In either case, Hill is due no relief.

Hill's next issue asserts the trial court erred in the denial of his request for a justification instruction, in light of his asthma condition and his actions avoided the greater harm of death. *See* Hill's Brief at 8-9.

The statute governing a justification defense states, in relevant part states:

> [C]onduct which the actor believes to be necessary to avoid a harm
> or evil to himself or to another is justifiable if:

> (1)    the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;
>
> (2)    neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
>
> (3)    a legislative purpose to exclude the justification claimed does not otherwise properly appear.

18 Pa.C.S.A. § 503(a).   Where the evidence is insufficient to support any element of the defense, the court may deny a request for the defense.  ***See Commonwealth v. Capitolo***, 498 A.2d 806, 809 (Pa. 1985).  Additionally, a defendant must prove he took only the minimum action necessary to avoid the harm.  ***See Commonwealth v. Clouser***, 998 A.2d 656, 660 (Pa. Super. 2010).

The trial court noted Hill appeared to suffer no health consequences from the pepper spraying and found Hill could not explain either how stabbing Officer Knaub would be effective in abating the harm or there was no ***legal*** action he could have taken to abate the harm.  ***See*** Trial Court Opinion, 4/12/24, at 22-23.   The court stated Hill had declined the opportunity to return to his cell without being sprayed; instead, choosing to defy the officer's lawful instructions.  ***See id***. at 23.   The court further noted the existence of a legislative purpose to exclude the justification under 18 Pa.C.S.A. §503(a)(3).  18 Pa.C.S.A. § 509(5), which addressed use of force by persons with

responsibility for care, discipline or safety of others states, in relevant part, a corrections officer may use force when:

> (i) he believes that the force used is necessary for the purpose of enforcing the lawful rules or procedures of the institution, unless his belief in the lawfulness of the rule or procedure sought to be enforced is erroneous and his error is due to ignorance or mistake . . .; [and]
>
> (ii) the nature or degree of force is not forbidden by law . . .

18 Pa.C.S.A. § 509(5)(i), (ii). The court found Hill refused to follow commands or calm down and pulled something out of his pocket before turning to face the officer. **See** Trial Court Opinion, 4/12/24, at 24, citing N.T., 12/4/23, at 109-110. As a result, the officer used pepper spray to subdue Hill, which under the circumstances was the lowest degree of force available to him. **See id**.

The trial court's opinion disposes of Hill's issue and demonstrates that it lacks merit. Additionally, there was no evidence, only Hill's assertion, that he was asthmatic.

Hill's next issue asserts sufficient evidence did not support his convictions because he acted in self-defense. **See** Hill's Brief at 9-10.

This Court reviews the sufficiency of the evidence under the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt . . .. **When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable**

> **to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.**

*Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa. Super. 2017) (added emphasis removed). In reviewing a sufficiency claim, this Court has also acknowledged that:

> we may not weigh the evidence and substitute our judgment for the fact-[]finder . . .. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated[,] and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Burton*, 234 A.3d 824, 829 (Pa. Super. 2020) (citation omitted). *See Commonwealth v. Fitzpatrick*, 181 A.3d 368, 374 (Pa. Super. 2018) (stating all evidence is considered in conducting sufficiency review).

> A person is guilty of aggravated assault when, *inter alia*, he:

> attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers enumerated in section (c) . . ..

18 Pa.C.S.A. § 2702(a)(2). Alternatively, a person commits aggravated assault when he attempts to cause or intentionally or knowingly causes bodily injury to a section (c) officer in the performance of duty. See 18 Pa.C.S.A. § 2702(a)(3). Officers or employees of correctional institutions are officers enumerated under section (c). *See* 18 Pa.C.S.A. § 2702(c)(9).

- 11 -

The court found Officer Knaub was working as a corrections officer, and Hill lunged at him and stabbed him in the clavicle after refusing to return to his cell as directed. **See** Trial Court Opinion, 4/12/24, at 26-28.

The evidence viewed in the light most favorable to the Commonwealth as verdict-winner establishes Hill's guilt of the charged crimes. The testimony and video evidence demonstrated Hill refused to comply with Officer Knaub's directions, pulled something from his pocket, and stabbed the officer in the clavicle. **See Commonwealth v. Daily**, 828 A.2d 356, 359 (Pa. Super. 2003) (holding evidence sufficient to sustain conviction under 18 Pa.C.S.A. § 21702(a)(2) where accused punched police officer despite the fact he did not inflict serious injury); **Commonwealth v. Petaccio**, 764 A.2d 582, 585-86 (Pa. Super. 2000) (holding evidence sufficient to sustain conviction under 18 Pa.C.S.A. § 21702(a)(3) where accused kicked a police officer in the stomach).[6]

Hill's final issue asserts he received an illegal, unconstitutional, and unduly harsh sentence based on the age of his first-strike conviction. **See** Hill's Brief at 10.

_____

[6] Hill asserts he acted in self-defense. Although a defendant has no burden to prove self-defense, there must be some evidence from whatever source to support such a finding. Hill did not testify, and no other evidence was offered to support a self-defense claim. **See Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. Super. 2012). He was, accordingly, not entitled to put the Commonwealth to the burden of disproving self-defense.

The trial court explained Hill's legality challenge focused on whether his prior crime constituted a crime of violence because it predated the enactment of 42 Pa.C.S.A. § 9714. The court noted that in **Commonwealth v. Ford**, 947 A.2d 1251 (Pa. Super. 2008), this Court rejected the claim Hill makes here:

> Instantly, Ford argues that any crime which occurred prior to the amendment of section 9714 should not be considered strikes for purposes of sentencing a defendant as a third strike offender. However, in **Commonwealth v. Smith**, 866 A.2d 1138 (Pa. Super. 2005) . . . a panel of this Court firmly rejected the argument that section 9714 was retroactive. In so finding, this Court found it determinative that section 9714 applies "prospectively only to future offenses and [does] not change the punishment for the predicate offense." Moreover, the Court found that "even if we were to deem § 9714 'retroactive' on some level because it takes into account convictions that occurred prior to its enactment, we would find that the legislature surely intended such a result, thereby satisfying § 9126." Accordingly, Ford's argument that the application of section 9714 is illegally retroactive is without merit.

**Ford**, 947 A.2d at 1253-54 (some citations omitted), **see** Trial Court Opinion, 4/12/24, at 29-30. The trial court further explained Hill's prior convictions for second-degree murder and robbery were not retroactively changed, and that section 9714 was applied **prospectively** to his 2023 aggravated assault convictions, crimes that he committed long after the enactment of Section 9714. **See** Trial Court Opinion, 4/12/24, at 30.

Although Hill did not include a Section 2119(f) statement to demonstrate that his discretionary sentence claim presents a substantial question, the Commonwealth has not objected to that deficiency and has therefore waived its objection. However, Hill fails to provide any caselaw, discussion, or citation to the record in support of a discretionary

sentencing claim. For that reason, his claim may not be reviewed. *See* Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities); Pa.R.A.P. 2119(c) (providing that where the argument references evidence or other matter, it must set forth a reference to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing that where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found). An appellant must present arguments that are sufficiently developed for our review in a brief with pertinent discussion, references to the record, and citations to legal authorities. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id***; ***see also Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appella[te] Procedure," and waives his review of the claim) (citation omitted).[7]

Judgment of sentence affirmed.

---

[7] Even were Hill's claim reviewable, it would be meritless. The court made his sentence for this crime concurrent to his life sentence. Accordingly, it could not constitute an unduly harsh sentence.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/16/2024</u>